(12 Misc. Rep. 620.)

### BENDER v. HEMSTREET et al.

(Supreme Court, Special Term, Ulster County. June, 1895.)

PARTNERSHIP—POWER OF PARTNER TO SELL FIRM PROPERTY.

　　A partner has not power without his copartner's consent to sell all the partnership property, as such transaction is not within the scope and object of the partnership, or in the course of its business.

Action by William M. Bender against George Hemstreet and others. Defendants move to vacate an injunction pendente lite. Denied.

James W. Eaton, for plaintiff.
Mark Cohn, for defendants.

PARKER, J. The plaintiff, William M. Bender, and the defendant George Hemstreet formed a partnership under the firm name of George Hemstreet & Co. Hemstreet, becoming dissatisfied with the conduct of his partner, which he alleges was of such a nature as to prove detrimental to the business in which they were engaged, sold all of the partnership property and effects, of every name and nature, to the defendant Johnson, and this he did without consulting with Bender. The effect of this transaction, if legal, was to terminate the partnership and render Hemstreet liable to account

to his partner for the proceeds of the sale remaining after the payment of the debts of the firm.

Whether it was legal presents the only question to be considered on this application to vacate an injunction restraining defendants pendente lite from making any disposition of the property and credits of the partnership. As the facts appear from the papers used on this application the transfer made was illegal. The learned counsel for the defendants insists otherwise, and calls attention to the numerous authorities in this state, from Mabbett v. White, 12 N. Y. 443, to Bulger v. Rosa, 119 N. Y. 459, 24 N. E. 853, holding that one partner has authority to sell and transfer all the copartnership effects directly to a creditor of the firm in payment of a debt, without the knowledge or consent of his copartner. But none of them hold that a partner may sell all of the partnership effects to a third party not interested as a creditor, thus practically terminating the partnership. On the contrary, the court, in Welles v. March, 30 N. Y. 344, while asserting the propositions that each partner possesses equal power and authority to dispose of the partnership property and effects for all purposes within the scope of the partnership, and in the regular course of its trade and business to assign firm property as security for antecedent debts, and to transfer all of the partnership effects to a creditor in payment of debts, nevertheless said, in effect, that, aside from these exceptions, the authority of each partner, as the agent of the firm, is limited to transactions within the scope and object of the partnership and in the course of its trade or affairs. Bates, in his work on Partnerships, states the general rule to be that "the power of sale must be confined to those things held for sale, and that the scope of the business does not include the sale of property held for the purposes of the business and to make a profit out of it." An examination of the authorities leads to the conclusion that this is a correct statement of the general rule, although not established by the decisions in this state. And we find nothing in the authorities to which attention has been called which persuades us that the courts of this state will adopt a different rule when the question shall be fairly presented, as it seems likely to be in this case.

The motion to vacate injunction should, therefore, be denied, with costs. Motion denied, with costs.